ORIGINAL

Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

MAY 27 PM 4: 04

CLERK OF COURT

**IN THE SUPERIOR COURT**
**OF GUAM**

PEOPLE OF GUAM, ) Criminal Case No. CF612-08
)
        Plaintiff, )
)
    v. ) **DECISION AND ORDER**
) re: motion to suppress
PETER J. M. DUENAS, )
)
        Defendant . )
)

This matter came before the Honorable Judge Michael J. Bordallo on May 14, 2009. The People were represented by Assistant Attorney General William B. Pole. Defendant was represented by Attorney Ana Maria C. Gayle. Having heard the arguments and reviewed the memorandum and papers presented, the court now issues the following decision granting Defendant's motion to suppress.

### BACKGROUND

On October 23, 2007, Defendant was indicted for: 1) the Possession of a Schedule II Controlled Substance, a Third Degree Felony; 2) Driving While Under the Influence of Alcohol, as a Misdemeanor; and 3) Reckless Driving, as a Petty Misdemeanor. The indictment asserts that the facts which support these charges occurred on or about December 25, 2008.

### DISCUSSION

Pursuant to 8 GCA §65.15(c) Defendant has brought a motion to suppress all of his statements and any evidence seized by the People. *Mot.* at 1. In support of his motion he asserts that the police officers for the People illegally stopped, interrogated, and searched his person and vehicle. *Id.* at 2– 4. The Defendant's motion is not supported by declaration or affidavit. 8 Guam Code Ann. §65.40 (2008). The People respond and oppose Defendant's request. *Resp.* at 1. In their response they assert that Defendant's initial stop and detention

ORIGINAL

was justified by a reasonable suspicion that Defendant was committing a traffic violation and that his further detainment and arrest justified by his intoxication. *Resp.* at 1– 2. Defendant filed no Reply.

In the federal circuits, motions to suppress are reviewed under the following standard: "[A] defendant seeking an evidentiary hearing on a motion to suppress must provide sufficient information 'to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion.'" *U.S. v. Juarez*, 454 F.3d 717, 720 (7th Cir. 2006)(internal citations omitted); see *U.S. v. Sandoval*, 390 F.3d 1294, 1300 (10th Cir. 2004)(a motion to suppress "must raise factual allegations that are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact ... are an issue); see also *U.S. v. Wilson*, 7 F.3d 828, 834 (9th Cir. 1993)(on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in issue. . . . [a] hearing is not required if the grounds for suppression consist solely of conclusory allegations of illegality). Once the Defendant has met its burden of sufficiency, the Government then bears the burden of showing by a preponderance of the evidence the legality of its actions. *U.S. v. Alexander*, 589 F.Supp.2d 777, 790 (E.D. Tex. 2008); see, *Colorado v. Connelly*, 479 U.S. 157, 158 (1986)(as applied to a miranda waiver); see, *U.S. v. Vanvliet*, 542 F.3d 259, 266 (1st Cir. 2008) (as applied to a consent search).

In this case the Defendant's motion was specific enough to met the burden of sufficiency required above. It included a specific and detailed assertion of facts which would support an argument that Defendant was illegally detained. The People introduced testimony through Officers Paulino and Amaguin that they observed the Defendant traveling

at a slow rate of speed without his headlights turned on. The court did not find the People's witnesses or the evidence they presented to be credible. Their testimony was contradicted by a neighbor witness whose testimony was supported by photographic exhibits corroborating the neighbor's testimony about the location of the vehicle and the width of the road.

The exhibit evidence persuasively demonstrated that the Defendant's vehicle had not moved and was in the place he parked it to attend a Christmas function. It did support the government's contention that the defendant was driving without his vehicles headlights on. Absent some credible evidence justifying the detention and stop of the Defendant the court is obligated to grant Defendant's motion to suppress all evidence arising out of the Defendant's detention.

## CONCLUSION

For the reasons above Defendant's motion to suppress is granted.

SO ORDERED this 27 day of May 2009.



_____
Honorable Michael J. Bordallo
Judge, Superior Court of Guam